FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 AUG 20 AM 11: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CARLOS HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 99-H-1329-M |
| | ) | |
| JANET RENO, ATTORNEY GENERAL | ) | |
| FOR THE UNITED STATES OF | ) | **ENTERED** |
| AMERICA, | ) | |
| | ) | AUG 20 1999 |
| Respondent. | ) | |

## MEMORANDUM OPINION

Carlos Herrera ("the petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 25, 1999. He alleges that he is being illegally detained as an inmate at the Etowah County Jail on a twenty (20) year sentence imposed on his convictions for first degree sexual assault and second degree kidnaping in the Superior Court of Atlantic County, New Jersey, on June 2, 1995. He names Janet Reno, Attorney General of the United States ("the respondent"), as the respondent. Pursuant to the usual practices of this court, the matter was referred to a magistrate judge for preliminary review. 28 U.S.C. § 636(b)(1)(B).

On June 8, 1999, the magistrate judge entered an order requiring the respondent to appear and show cause why the requested relief should not be granted. The respondent filed a partial response, requesting that the case be dismissed without prejudice to allow the petitioner to refile in the United States District Court for the District of New Jersey or that it be transferred to that court. The magistrate judge then afforded the petitioner the opportunity to reply. The petitioner responded, stating that he did not oppose a transfer of this matter, provided he was transferred to the District of

New Jersey as well.

## I. FACTS

The petitioner is a native and citizen of Cuba who arrived in the United States about May 29, 1980, during what is commonly referred to as the "Mariel Boatlift." He was paroled into the United States pursuant to Section 1182(d)(5) of Title 8 of the United States Code. His parole was revoked on March 9, 1992, pending exclusion proceedings. The revocation was premised on his being excludable because he lacked an immigration visa or other necessary document and because he had been convicted on September 21, 1984, in New Jersey Superior Court, Atlanta County, of Aggravated Sexual Assault.

On July 15, 1993, an immigration judge in Newark, New Jersey, ordered him excluded and deported to Cuba. That decision is a final order of exclusion, as the petitioner never appealed that ruling. He has been in Immigration and Naturalization Service ("INS") custody since July 15, 1993. He has been given annual parole reviews as required by law. *See* 8 C.F.R. §§ 212.12, 212.13.

On July 7, 1992, the petitioner filed an application for a writ of habeas corpus in the United States District Court for the District of New Jersey concerning his September 21, 1984 conviction after he had exhausted state remedies. On January 5, 1995, the district court granted the petitioner relief and remanded the case to the trial court to either allow the petitioner to withdraw his plea or to resentence the petitioner before a different judge. According to the petitioner, the state trial judge refused his request to withdraw his plea. Instead, the judge resentenced him to a sentence of the same length. The petitioner then appealed that sentence to the New Jersey Court of Appeals. Again, according to the petitioner, that court remanded the case to the trial court "so that [the petitioner would] have the opportunity to withdraw his plea in accordance with the remand order of the U.S.

2

District Court." (Doct. 1, p. 7). The trial court required the prosecutor to request a clarification of the ruling on the petitioner's federal habeas corpus petition. On June 17, 1997, the district judge granted the prosecutor's motion for clarification, stating that the state trial court had the discretion to determine whether the petitioner should be allowed to withdraw his plea or whether he should be bound by the plea agreement. Premised on the order of the federal court, the trial judge on July 1, 1997, held that "no further action will be taken with respect to the re-sentence effected by this court on June 2, 1995." (*Id.*, p. 7). The petitioner filed a motion with the New Jersey Court of Appeals to compel enforcement of that court's previous order. The motion was denied. He was also denied relief by the New Jersey Supreme Court on May 20, 1998.

Shortly after the petitioner's last INS administrative review on May 8, 1998, he was transferred to the Etowah County Jail where the INS houses certain alien detainees. He signed the present petition for habeas corpus relief on May 21, 1999. It was filed on May 25, 1999.

## II. DISCUSSION

Section 1404(a) of Title 28 of the United States Code provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). It is the judgment of this court that the United States District Court for the District of New Jersey is the appropriate court to address the issues raised in the present petition and that the case should be transferred to that court.

Although the petitioner names the Attorney General of the United States as respondent, he is clearly contesting his resentencing in New Jersey state court pursuant to 28 U.S.C. § 2254. A review of the history set forth above demonstrates that the pertinent records from the state and

3

federal courts are located in the District of New Jersey and the appropriate state respondents are located there as well. Any potential witnesses, such as the state prosecutors, the petitioner's former defense counsel, and the state court personnel are also located there. The only individual no longer in that District is the petitioner. As the present action clearly relates to prior proceedings initiated and decided in the United States District Court for the District of New Jersey, that court is the appropriate one to determine the present petition. A transfer of this case to the District of New Jersey will not inimically impact the petitioner's ability to present his claims.

The petitioner does not oppose the transfer. He only requests that, if the case is transferred, he be transferred to an institution in the District of New Jersey as well. The respondent is charged with the responsibility of enforcing all laws relating to immigration and naturalization. *See* 8 U.S.C. § 1103(a)(1). She also is specifically responsible for the detention of criminal aliens taken into custody for having committed felony offenses. 8 U.S.C. § 1226(c)(1). This court sees no reason to interfere with the custodial determination made by the respondent concerning the petitioner's location.

### III. CONCLUSION

Premised on the foregoing, the Clerk of this Court will be directed to transfer this case to the United States District Court for the District of New Jersey forthwith. An order consistent with the findings and conclusions reflected in this Memorandum Opinion will be entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Memorandum Opinion upon the petitioner and upon counsel for the respondent.

**DONE**, this the 20th day of August, 1999.

*/s/ James H. Hancock*
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE